***********
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Donovan and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence. Accordingly, the Full Commission modifies the Opinion and Award of Deputy Commissioner Donovan by waiving the $5,000.00 sanction he imposed.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in their Pre-Trial Agreement, filed on November 26, 2003, and incorporated herein by reference, and at the hearing as:
 STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act at all relevant times.
2. American Home Assurance was the carrier on the risk.
3. An employee-employer relationship existed between the parties at all relevant times.
4. Plaintiff's average weekly wage and compensation rate will be determined by a Form 22, or comparable wage documentation, to be submitted by defendants after the hearing on this matter.
6. The issues for determination are:
a. What sanctions, penalties and attorney's fees should be assessed against defendants for failure to comply with an Order issued by the North Carolina Industrial Commission; and,
b. Whether defendants or defendants' counsel should be excused for violation of the Order of June 12, 2003, as the order in question has been complied with and since there has been prompt compliance and response since September 26, 2003.
7. The parties stipulated the following documentary evidence:
a. Stipulated Exhibit 1 consists of the following:
i. Plaintiff's April 16, 2003 Motion to Compel Reimbursement for Mileage and Authorization on Medical Treatment;
ii. June 12, 2003 Order by Tracey Weaver;
iii. Plaintiff's August 14, 2003 Motion to Compel Authorization of Medical Treatment, Sanctions and Penalties Against Defendants and plaintiff's letter to Executive Secretary; and,
iv. Memorandum from Tracey Weaver dated September 18, 2003.
b. Stipulated Exhibit 2 consists of defendants' Memorandum documenting additional prompt compliance since September 26, 2003; and,
c. Stipulated Exhibit 3 consists of plaintiff's medical records.
 ***********
Based upon all of the competent evidence of record and the reasonable inferences therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On July 2, 2001, while plaintiff was employed by Wal-Mart, plaintiff sustained an injury to her back that was accepted as compensable by defendants. Plaintiff has received compensation benefits since that time.
2. On January 6, 2003, plaintiff attended an approved appointment at Carolina Back Institute with Dr. Scott Sanitate, which was scheduled by defendants. A Form 25T was submitted by plaintiff to Claims Management Services seeking reimbursement of $46.50 in mileage costs. Plaintiff's claim was referred by Claims Management Services to defense counsel.
3. Following the January 6, 2003, treatment, plaintiff was informed by Carolina Back Institute that future treatment appointments could only be scheduled by defendants. Following a series of letters from plaintiff's counsel to which defense counsel failed to respond, plaintiff filed a Motion to Compel Reimbursement for Mileage and Authorization of Medical Treatment with the Industrial Commission on April 16, 2003. The motion also sought $100.00 in attorney's fees. By Order of the Office of the Executive Secretary, filed on June 12, 2003, defendants were ordered to issue plaintiff a reimbursement check in the amount of $46.50, and to authorize further treatment at Carolina Back Institute within 14 days of the date of the order or face sanctions and attorney's fees.
4. Plaintiff received the reimbursement check on July 24, 2003; however, she did not receive authorization for medical treatment as instructed by the June 12, 2003, Order.
5. On June 12, and August 5 and 12, 2003, plaintiff's counsel corresponded with defense counsel seeking compliance with the June 12, 2003, Order. Defense counsel failed to respond to the correspondences.
6. On August 14, 2003, plaintiff filed a second Motion to Compel Authorization of Medical Treatment, Sanctions and Penalties against defendants. On September 18, 2003, Executive Secretary Tracey H. Weaver sent a memorandum to plaintiff's counsel advising plaintiff to file a Form 33 Request for Hearing in the matter. A Form 33 was filed on September 24, 2003, on plaintiff's behalf.
7. On September 26, 2003, defendants provided plaintiff with the requested medical authorization. Defense counsel has offered the explanation that, due to various circumstances, their office was understaffed during the time in question. It is also noted that the payment of plaintiff's compensation has continued without interruption.
8. Defendants have paid the $2,500.00 attorney fee ordered by Deputy Commissioner Donovan pursuant to N.C. Gen. Stat. § 97-88.1, and defendants have also assured the Full Commission that they will be more attentive to Industrial Commission orders in the future.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. The Full Commission notes that once defendants have authorized treatment by a medical provider in an accepted claim, any and all treatment recommended by that provider within the purview of the Workers Compensation Act is also authorized and its cost is the responsibility of defendants. Further authorization is not required, and it is defendants' responsibility to make certain that the treating physician is aware of that fact. Defendants' failure to do so in this case is ultimately responsible for creating the sole issue in this action. N.C. Gen. Stat. § 97-25.
2. While defendants' excuses for their failure to comply with the Order of the Executive Secretary are explanatory, they are not excusatory. Plaintiff made numerous attempts to contact defendants regarding the outstanding authorization, providing defendants ample opportunity to comply with the Order. Further, defendants' failure to comply with the June 12, 2003, Order necessitated plaintiff's request for a hearing in a matter that otherwise would not have required an evidentiary proceeding. Accordingly, attorney's fees were warranted under the Act. N.C. Gen. Stat. § 88.1.
3. Defendants are now in substantial compliance with the June 12, 2003, Order of the Commission and have pledged to be more attentive to Commission orders in the future.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. The Full Commission, in the exercise of its discretion, waives the $5,000.00 sanction imposed by the Deputy Commissioner, which was imposed by the Deputy Commissioner for defendants' failure to comply with the June 12, 2003, Order of the Commission.
2. Defendants shall pay the costs of this action.
This 9th day of September 2004.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER